1  WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shaine Carl Cagle,<br><br>        Plaintiff,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>        Defendants. | No. CV-16-03912-PHX-JAT (JFM)<br><br>**ORDER** |

Pending before the Court is the Report and Recommendation (R&R) of the Magistrate Judge screening the second amended complaint consistent with 28 U.S.C. § 1915(A). (Doc. 26). Plaintiff has filed objections to some portions of the R&R. (Doc. 29).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are

not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

Here, the R&R screens Plaintiff's 725 count second amended complaint. Plaintiff objected to the R&R as to counts 575, 576, 577, 578, 614-704, 3-571, 572, 584-593, 594, 595, 596, 597, 602, 603, 604, 605, 606, 607, 581, 705-721, 580, 599, 722, and 608-613.[1] As to all counts to which there is not an objection, the Court accepts and adopts the R&R.

The Court will now turn to Petitioner's objections:

## I. 575, 576, 577, 578.

The R&R concludes that the claims in 575-578 are simply additional factual support for the claim in count 574. (Doc. 26 at 13-14). Thus, the R&R recommends that count 574 proceed and counts 575-578 be dismissed. Plaintiff objects and argues that each count should be independent. (Doc. 29 at 1-2). The Court accepts the R&R and overrules Plaintiff's objection.

## II. 614-704.

The R&R concludes that within the 90 counts of 614-704, Plaintiff actually identifies 5 separate claims, to which the R&R assigned count numbers 614, 615, 616, 617 and 618. (Doc. 26 at 16-17). The R&R then recommends the other 85 counts which do not have a specific factual basis be dismissed. Plaintiff objects and argues he has facts to support 6 additional claims (for 11 total), but concedes the other 79 should be dismissed. (Doc. 29 at 2-3). The Court agrees with the R&R that the second amended complaint contains the factual basis to support only 5 counts, and the other 85 should be dismissed. Plaintiff's objections are overruled.

## III. 3-571.

Counts 3-571 allege Plaintiff is not being giving religiously compliant meals. The

---

[1] Plaintiff claims to object to the R&R on counts 723 and 724, but make no substantive objection. (Doc. 29 at 9). The Court overrules this baseless objection.

R&R concludes that there should be one count alleging a free exercise of religion violation and one count alleging a RLUIPA violation, rather than one count per meal Plaintiff has eaten. Doc. 26 at 17-20. Plaintiff objects. (Doc. 29 at 3-4). The Court agrees with the R&R and overrules Plaintiff's objections. Counts 5-571 will be dismissed.

**IV. 572.**

Plaintiff alleges one Defendant would not give him grievance forms. The R&R concludes that Plaintiff has failed to show that, even if this claim is true, Plaintiff was in any way impeded from filing grievances. (Doc. 26 at 24-26). Plaintiff objects, but still fails to allege any actual injury. (Doc. 29 at 4). The Court agrees with the R&R that Plaintiff fails to state a claim in this count. Plaintiff's objections are overruled.

**V. 584-593.**

In Counts 584-593 Plaintiff claims he was denied access to the courts by the failure of defendants to send his legal mail. The R&R concludes that all of these claims should be dismissed because Plaintiff has failed to allege any actual injury. (Doc. 26 at 27-31). Plaintiff objects and speculates that he would have prevailed in various court proceedings had his mail been timely delivered. (Doc. 29 at 4-7).[2] The Court agrees with the R&R that Plaintiff makes no non-frivolous argument that the result of any proceeding was affected by his allegedly misdirected mail; thus the Court agrees with the R&R that Plaintiff has failed to show an actual injury. Accordingly, Plaintiff's objections are overruled and these counts will be dismissed.

**VI. 594-596.**

For the reasons stated in Section V above, Plaintiff's objections are overruled and these claims will be dismissed. (*See* Doc. 26 at 31-32).

**VII. 597.**

For the reasons stated in Section V above, Plaintiff's objections are overruled and this claim will be dismissed. (*See* Doc. 26 at 32).

---

[2] In Plaintiff's list of objections, he does not include count 587. (Doc. 29 at 7).

**VIII.  602-607.**

For the reasons stated in Section V above, Plaintiff's objections are overruled and these claims will be dismissed.  (*See* Doc. 26 at 32-34).

**IX.  581.**

For the reasons stated in this Court's order at Doc. 9, this count will be dismissed. (Doc. 26 at 35-36).  Plaintiff's objections are overruled. (Doc. 29 at 7).

**X.  705-721.**

The R&R concludes that count 705 should be allowed to proceed, but the other counts against various defendants should be dismissed for failing to state a claim (because Plaintiff made only conclusory allegations).  (Doc. 26 at 36-37).  Plaintiff objects (Doc. 29 at 7-9; 10-11) and offers more unfounded conclusory statements.  The Court agrees with the R&R, the objections are overruled, and all but count 705 will be dismissed.

**XI.  580.**

The R&R concludes count 580 fails to state a claim as against any defendant mentioned in it.  (Doc. 26 at 40-41).  Plaintiff objects to only the dismissal of Defendant Corizon.  (Doc. 29 at 9).  The Court agrees with the R&R that count 580 fails to state a claim.  Plaintiff's objections are overruled and this count will be dismissed.

**XII.  599.**

The R&R concludes that count 599 should proceed against Defendant Sharp, but Defendant Brower should be dismissed.  (Doc. 26 at 42-44).  Plaintiff objects but continues to offer only speculative and conclusory statements as to Defendant Brower. (Doc. 29 at 9-10).  Thus, Plaintiff's objections are overruled and Defendant Brower will be dismissed.

**XIII.  722.**

The R&R concludes that Plaintiff's speculative allegations in this count (that Defendant Salas poisoned him under the guise of a TB test) fail to state a claim.  (Doc. 26 at 44-45).  Plaintiff objects, but admits "I can not state affirmatively that Salas poisoned

me." (Doc. 29 at 11). On this record, the Court agrees with the R&R that Plaintiff's hypothetical conjecture fails to state a claim. The objections are overruled and this count will be dismissed.

**XIV. 608-613.**

In these counts Plaintiff claims he was not provided with enough food. The R&R concludes this should be a single count (608) and not a separate count for each meal. (Doc. 26 at 45-46). Plaintiff objects claiming he wants a separate count for each meal. (Doc. 29 at 11). The Court agrees with the R&R that a single count is adequate. The objections are overruled and claims 609-613 will be dismissed.

**XV. Conclusion**

Based on the foregoing, the objections are overruled and the Report and Recommendation (Doc. 26) is accepted and adopted as follows:

**IT IS ORDERED** that pursuant to 28 U.S.C. § 1915A, that the following Counts of the Second Amended Complaint (Doc. 21) are DISMISSED, WITHOUT PREJUDICE:

5-571,

572,

575-578,

580,

581,

584-593,

594-596,

597, 598,

602-607,

609-613,

619-704,

706-721,

722,

| | |
|---|---|
| 1 | 723-724, and |
| 2 | 725. |
| 3 | **IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915A, that the |
| 4 | following Defendants are DISMISSED, WITHOUT PREJUDICE: |
| 5 | Charles Ryan, |
| 6 | Deputy Warden Unknown Black, |
| 7 | Bobo, |
| 8 | Brower, |
| 9 | Darius, |
| 10 | DeLacerta, |
| 11 | DeMarco, |
| 12 | Durazo, |
| 13 | Guilfoyle, |
| 14 | Heet, |
| 15 | Keefe, |
| 16 | Koeppel, |
| 17 | Silvas, |
| 18 | Smith, |
| 19 | Squires, |
| 20 | Swanda, |
| 21 | Thompson, |
| 22 | Valazquez, and |
| 23 | Washburn. |
| 24 | **IT IS FURTHER ORDERED** that the following Defendants are required to |
| 25 | <u>respond</u> to the following Counts of the Second Amended Complaint (Doc. 21): |
| 26 | Defendants Corizon (Counts 1, 614, 615, 616, 617 and 618), |
| 27 | Nurse Unknown Black (Count 1), |
| 28 | Mares (Count 2), |

| | |
|---|---|
| 1 | Henry (Counts 3 and 4), |
| 2 | Vicklund (Counts 3 and 4), |
| 3 | Unknown Transportation Officers Black 1 and 2 (Count 573), |
| 4 | Babich (Count 574), |
| 5 | Salas (Count 579), |
| 6 | Bishop (Count 582), |
| 7 | Vargas (Count 583), |
| 8 | Sharp (Count 599), |
| 9 | Berrellez (Counts 600 and 601), |
| 10 | Laux (Count 608) and |
| 11 | Roman (705). |

**IT IS FURTHER ORDERED** that service on Defendants Corizon, Mares, Babich, Salas, Bishop, Berrellez, Henry, Vicklund, Vargas, Sharp, Roman and Laux is hereby ordered as follows:

(1) The Clerk of the Court shall send Plaintiff a service packet including a summons and request for waiver forms, a copy of this Order, and a copy of Marshal's Process Receipt & Return form (USM-285) for each Defendant.

(2) Plaintiff shall complete and return the service packet to the Clerk of the Court within 20 days of the date of the filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(3) The United States Marshal shall retain the Summons, a copy of such amended complaint, and a copy of this Order for future use.

(4) The United States Marshal shall notify said Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by Defendants within thirty days from the date the request for

waiver was sent by the Marshal, the Marshal shall:

      (a) Personally serve copies of the Summons, such amended Complaint and this Order upon Defendants pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure.

      (b) Within ten days after personal service is effected, file the return of service for the Defendants, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendants. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, such amended complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

    (5) <u>Defendants who agree to waive service of the Summons and such amended complaint shall return signed waiver forms to the United State Marshal, and not to Plaintiff.</u>

    (6) Said Defendants shall answer such amended complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

    (7) Any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed.

**IT IS FURTHER ORDERED** that Plaintiff has ninety days from the date of this order to move to amend to identify the fictitiously named defendants, Defendants Unknown Transportation Officers Black 1 and 2 and Unknown Nurse Black, or such defendants shall thereafter be dismissed without prejudice.

**IT IS FINALLY ORDERED** that Plaintiff's unilateral motion to reassign this

case to Magistrate Judge Metcalf (Doc. 30) is denied. However, the Clerk's office shall send a Consent to Exercise of Jurisdiction by a United States Magistrate Judge form to Plaintiff and each Defendant, who may return them at their option.

Dated this 30th day of October, 2017.

James A. Teilborg
Senior United States District Judge