**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shaine Carl Cagle,<br><br>    Plaintiff,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Defendants. | No. CV-16-03912-PHX-JAT (JFM)<br><br>**ORDER** |

Pending before the Court is Plaintiff Shaine Carl Cagle's ("Plaintiff") motion to transfer the present case to Magistrate Judge David K. Duncan in *Parsons v. Ryan*, CV-12-00601-DKD. (Doc. 92). Defendants have responded, (Doc. 98), and Plaintiff has elected not to reply.

### I. Background

In the present case, Plaintiff filed a complaint against a prison director and prison supervisors, workers, and medical providers alleging violations of the First, Eighth, and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). (Doc. 21). In *Parsons*, the plaintiffs filed a class action suit against prison and health directors alleging Eighth Amendment violations. Complaint, *Parsons v. Ryan*, No. CV-12-00601-DKD (D. Ariz. Oct. 9, 2014) ("Complaint"). Plaintiff requests to consolidate his case with *Parsons*.

### II. Governing Law

Federal Rule of Civil Procedure 42(a) allows a court to consolidate cases "[i]f the

actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a). District courts, however, "enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). A court "must balance the interest of judicial convenience against the potential for delay, confusion and prejudice that may result from such consolidation." *Sapiro v. Sunstone Hotel Inv'rs, L.L.C.*, No. CV-03-1555-PHX-SRB, 2006 WL 898155, at *1 (D. Ariz. Apr. 4, 2006).

Local Rule of Civil Procedure ("Local Rule") 42.1(a) allows consolidation if the cases:

> (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) . . . [remaining unconsolidated] would entail substantial duplication of labor if heard by different Judges.

LRCiv 42.1(a). The Court considers these factors, but "has broad discretion in deciding a motion to transfer under Local Rule 42.1(a)." *Addington v. US Airline Pilots Ass'n*, No. CV-08-01633-PHX-NVW, 2010 WL 4117216, at *1 (D. Ariz. Oct. 19, 2010). When considering a motion under Local Rule 42.1(a), "[a] principal factor is whether party economy or judicial economy is substantially served by transfer to another judge." *City of Phoenix v. First State Ins. Co.*, No. CV-15-00511-PHX-NVW, 2016 WL 4591906, at *20 (D. Ariz. Sept. 2, 2016), *aff'd*, No. 16-16767, 2018 WL 1616011 (9th Cir. Apr. 4, 2018).

### III. Application of Local Rule 42.1(a) to Present Motion

Plaintiff appears to argue that consolidation with *Parsons* is proper under Local Rule 42.1(a). (Doc. 92).

#### A. Arising From Substantially the Same Transaction or Event

The cases do not arise from substantially the same transaction or event. While the plaintiffs in both cases allege prison mismanagement, the cases stem from entirely different facts and events. *Compare* (Doc. 21 at 7–55), *with* Complaint at 1–3, 15–56. The plaintiffs in *Parsons* allege systemic failures in the prison healthcare system, Complaint at 1–3, 15–56, while Plaintiff in the present case alleges mismanagement by

specific prison officials and medical providers stemming from specific acts and incidents relating to Plaintiff's unique medical situation, (Doc. 21 at 7–55).

### B. Involving Substantially the Same Parties

These cases do not involve substantially the same parties: only one of the several present case Defendants, Charles L. Ryan, overlaps with the *Parsons* defendants. (Doc. 21 at 2–5); Complaint at 14–15.

### C. Calling for Determination of Substantially the Same Questions of Law

These cases do not call for determination of substantially the same questions of law. While the plaintiffs in both cases allege Eighth Amendment violations, the existence of one common issue alone is insufficient to consolidate. *See Robert Kubicek Architects & Assocs., Inc. v. Bosley*, No. CV-11-02112-PHX-DGC, 2012 WL 6554396, at *8 (D. Ariz. Dec. 14, 2012) (finding consolidation improper when, despite common issues, cases were at "opposite stages of litigation" and would therefore "create substantial inconvenience and delay"). The *Parsons* plaintiffs only make an Eighth Amendment claim, Complaint at 17; in addition to an Eighth Amendment claim, Plaintiff in the present case also makes claims under the Fourteenth Amendment, First Amendment, and RLUIPA. (Doc. 21 at 7–55). Further, Plaintiff in the present case focuses his claims on individual liability and seeks compensatory relief, (*Id.*), while *Parsons* is a class action focused on statewide policies and practices, and seeks declaratory and injunctive relief, Complaint at 2.

### D. Entailing Substantial Duplication of Labor

Finally, consolidation denial would not lead to substantial duplication of labor. *Parsons* has been settled since 2015 and the present case is still in the early stages of litigation. *See Jolicoeur v. Minor*, No. CV-17-00930-PHX-SPL (JZB), 2018 WL 1805529, at *3 (D. Ariz. Apr. 16, 2018) (holding that consolidation with *Parsons* was improper given *Parsons*' status as a class action and the disparate stages of litigation, with *Parsons* being settled and *Jolicoeur* being in the early litigation stage). Given the

disparate stages and nature of the cases, consolidation provides no obvious benefits to the parties of either case. Further, there is no risk of inconsistent rulings, since no verdict was issued in *Parsons*. Any party or judicial convenience gained from consolidation is outweighed by the potential for confusion, delay, and prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Transfer the Instant Case to Magistrate Judge Duncan in *Parsons v. Ryan*, CV-12-00601-DKD, (Doc. 92), is **denied**.

Dated this 5th day of June, 2018.

James A. Teilborg
Senior United States District Judge